OPINION
Defendant Dale Wayne Scott appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which designated appellant a sexual predator pursuant to R.C. 2950.09. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE EVIDENCE BEFORE THE TRIAL COURT WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN A FINDING THAT THE DEFENDANT IS LIKELY TO ENGAGE IN A SEXUALLY ORIENTED OFFENSE IN THE FUTURE.
The record indicates appellant was convicted of rape in violation of R.C. 2907.02 and an attempt to commit aggravated murder in violation of R.C. 2923.02 in 1981. Appellant is currently incarcerated. The Ohio Department of Rehabilitation Correction recommended the court adjudicate appellant as a sexual predator. The trial court conducted a hearing, and found appellant is a sexual predator by clear and convincing evidence.
In his assignment of error, appellant urges the evidence before the trial court was insufficient as a matter of law to sustain the court's finding appellant is likely to engage in a sexually oriented offense in the future.
R.C. 2950.09 lists a number of non-exclusive factors a trial court must consider in determining whether a given offender is a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Our standard of reviewing claims a judgment is not supported by sufficient evidence was set forth by the Ohio State Supreme Court by C.E. Morris v. Foley Construction Company (1978),54 Ohio St.2d 279. If a trial court's judgment is supported by competent and credible evidence going to each element of the case, a reviewing court will not reverse a judgment.
In its judgment entry of February 8, 2000, the trial court stated it had considered the factors set forth in R.C. 2950.09, and found by clear and convincing evidence appellant was convicted of a sexually oriented offense; had used drugs or alcohol to facilitate the offense; and during the commission of the sexually oriented offenses appellant displayed cruelty or made one or more threats of cruelty. The trial court concluded appellant is a sexual predator likely to commit one or more additional sexually oriented offenses.
The factual basis for appellant's 1981 convictions was that appellant gave his victim alcohol, struck her, and took her to a remote area of the county in his car. Appellant removed the victim's clothing and forced her to perform oral sex on him in the woods. Appellant then stabbed the victim in the chest and cut her throat. Appellant left his victim for dead, but she eventually regained consciousness and managed to find aid.
Our review of the record leads us to conclude the trial court did not err in weighing the various relevant factors, and in concluding appellant should be classified as a sexual predator.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 ________________________ Gwin, P.J.
By Hoffman, J., and Reader, V. J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.